JACOB MICHAEL KRIVITZ,

        Plaintiff,

v.                                          Case No. 26-cv-328-pp

COMMUNITY REINTEGRATION CENTER, *et al.*,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

Plaintiff Jacob Michael Krivitz, who was incarcerated at the Milwaukee County Community Reintegration Center (the Center) when he filed his complaint and is representing himself,[1] filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

I.      **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. <u>See</u> 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

---

[1] On May 18, 2026 the court received from the plaintiff a notice stating that he had been released from confinement and providing the court with an updated mailing address. Dkt. No. 7.

Case 2:26-cv-00328-PP    Filed 06/17/26    Page 1 of 9    Document 8

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 11, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $10.44. Dkt. No. 6. The court received that fee on March 26, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee as he is able.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that from December 16, 2025 through January 2026, the Center and its healthcare provider, Wellpath, did not provide a safe and sanitary environment and denied him medical treatment. Id. at 2.

The plaintiff states that on December 16, 2025, he noticed red circles on his arms and two days later he asked to see a doctor. Id. He asserts that he was prescribed antifungal cream which he used for several weeks, but it was ineffective. Id. at 2-3. During that time, the plaintiff allegedly requested several times to see a doctor because his skin condition was spreading. Id. at 3. He states that he was seen mid-January 2026. Id. On January 29, 2026, the plaintiff allegedly was provided a "pill form of treatment," but he still had the

3

ringworm fungus on his arms when he signed his complaint on February 2, 2026. Id.

The plaintiff states that he filed grievances and sick call requests regarding his health and safety in the facility. Id. He claims that the defendants violated his constitutional rights and his rights under state law. Id. at 4. For relief, the plaintiff seeks proper treatment regarding his health care issues, $3,000,000 and "time reduction if possible[.]" Id.

C.    Analysis

The court assumes that the plaintiff was a pretrial detainee during the events described in the complaint because he was confined at the Center. A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

4

The plaintiff sued the Center and Wellpath. Because the plaintiff cannot sue the Center directly, the court construes his claim against the Center as if he brought it against Milwaukee County. A plaintiff may proceed against a municipal government on a §1983 claim. See Monell v. New York City Dep't of Soc. Services, 436 U.S. 658 (1978). To establish liability under Monell, a plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." Waters v. City of Chicago, 580 F.3d 575, 581 (7th Cir. 2009) (quoting Estate of Sims ex rel. Sims v. County of Bureau, 506 F.3d 509, 515 (7th Cir. 2007)). The complaint does not state a claim to relief that is plausible on its face because the plaintiff has not pled facts that support a reasonable inference that Milwaukee County's policy or custom deprived him of his constitutional rights. See McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (citing Iqbal, 556 U.S. at 678).

Similarly, the plaintiff has not stated a §1983 claim against Wellpath. A private corporation may be liable under Monell if a "municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)[.]" Thomas v. Martija, 991 F.3d 763, 773 (7th Cir. 2021) (quoting Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017)). To prove that the corporation itself inflicted the harm, the plaintiff may show that (1) the alleged unconstitutional conduct implements or executes an official policy adopted by the entity's officers, (2) the

unconstitutional action was done pursuant to a custom, or (3) an actor with final decision-making authority within the entity adopted the relevant policy or custom. Id. (citing Monell, 436 U.S. at 690-91, 694). The plaintiff has not alleged that the ineffective treatment he received for his ringworm was the result of a policy or custom.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). Even if the plaintiff had sued the individuals allegedly responsible for treating his ringworm, he would not have stated a claim for violation of his constitutional rights. The plaintiff alleges that two days after he first complained of his skin condition, he was seen and prescribed anti-fungal cream. The plaintiff was seen again about four weeks after the first appointment after complaining that the cream was ineffective and that his rash was spreading. He subsequently was prescribed oral medication to treat his rash. These allegations do not state a claim for violation of the plaintiff's constitutional rights.

The plaintiff also asserts that the defendants violated his rights under Wisconsin state law. A federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when (1) the amount in controversy

6

exceeds $75,000 and (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff seeks $3,000,000 in damages, but he does not allege that the parties are citizens of different states. He alleges that he now lives in West Allis, Wisconsin, and he sues the Center (or Milwaukee County), which also is a citizen of Wisconsin for jurisdictional purposes. Moor v. Alameda County, 411 U.S. 693, 717-18 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes.") (collecting cases). Because all the parties are not citizens of different states, this federal court does not have subject-matter jurisdiction over any state-law claim the plaintiff may have.

Although the court generally permits civil plaintiffs at least one opportunity to amend their complaint, it need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding his claim, so the court finds that further amendment regarding a federal claim would be futile. Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint. The court is dismissing the case without prejudice, which means that the plaintiff is free to file a lawsuit in state court regarding his state-law claim.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the complaint fails to state a claim for violation of the plaintiff's rights under federal law and this court lacks subject-matter jurisdiction over any state law claim the plaintiff may have. The clerk will enter judgment accordingly.

The court **ORDERS** that the plaintiff must pay the $339.56 balance of the filing fee as he is able.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the

full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of June, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9